**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GEORGE V. WILSON,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant-Appellee.

No. 10-5036
(D.C. No. 4:08-CV-00643-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

The administrative law judge (ALJ) denied George Wilson's application for

disability benefits and supplemental security income payments. After the ALJ's

decision became the final agency decision and the district court affirmed,

Mr. Wilson appealed to this court. Exercising jurisdiction under 42 U.S.C.

§ 405(g) and 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To obtain benefits under the Social Security Act, Mr. Wilson must establish that he is "disabled" as that term is defined for social security purposes. *See* 20 C.F.R. §§ 404.1501, 416.901; 42 U.S.C. § 423(d)(1)(A). After holding a hearing, the ALJ determined at step five of the sequential evaluation process, *see* 20 C.F.R. § 404.1520(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009), that Mr. Wilson was not disabled even though he suffered from a number of severe mental impairments. The ALJ acknowledged that Mr. Wilson also suffers from obesity and hypertension, and that he was hospitalized briefly in 2005 with complaints of chest pain. But the ALJ held that this evidence did not support a finding of any severely limiting exertional impairment.

The majority of the ALJ's opinion was devoted to Mr. Wilson's mental capacity. The ALJ concluded that he suffered from several unlisted impairments,[1] including borderline intellectual functioning and mood and affective disorders. But despite these impairments, the ALJ assessed his residual functional capacity (RFC) as the ability "to perform a full range [of] routine repetitive work related functions, and some more complex job tasks, under routine instruction." Aplt. App. Vol. 2 at 33. The ALJ characterized the work that Mr. Wilson can perform as "unskilled and low skilled work dealing primarily with objects rather than with data or people." *Id.* With the assistance of a vocational expert (VE), the ALJ determined that, while Mr. Wilson was not able to return to his past relevant

[1]     *See* Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App'x 1.

work, his RFC would allow him to perform other work that exists in significant numbers in the national economy. Consequently, the ALJ concluded that he was not disabled and not entitled to benefits.

The Appeals Council denied review, making the ALJ's decision the final agency decision. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). The district court, with the magistrate judge presiding by designation pursuant to 28 U.S.C. §§ 636(c)(1), affirmed in a thorough decision. On appeal Mr. Wilson argues that the ALJ failed to properly weigh the medical evidence and, as a result, erroneously concluded that his mental impairments did not meet listings 12.04 and 12.05, which delineate disabling affective disorders and mental retardation. In addition, he challenges the hypothetical question that the ALJ posed to the VE because it did not include any exertional limitations. He also complains about the ALJ's credibility determination and claims his due process rights were violated by the ALJ's reliance on medical sources outside of the administrative record, such as the DSM-IV.

"We review the [Commissioner's] decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (quotation omitted). "Because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, but we neither

reweigh the evidence nor substitute our discretion for that of the Commissioner." *Id.* (alteration and quotations omitted). With regard to credibility determinations, "[w]e have emphasized that [they] are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2002) (quotation omitted). Having applied these standards of review, we affirm for substantially the reasons stated by the magistrate judge in his decision dated January 14, 2010.

The judgment of the district court is AFFIRMED.


Entered for the Court


Neil M. Gorsuch
Circuit Judge